320

**Donald Ray YOUNG, Petitioner—
Appellant,**

v.

**William MERKLE, Warden of
High Desert State Prison,
Respondent—Appellee.**

No. 03–15223.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2004.

Resubmitted Jan. 25, 2005.*

Decided Jan. 26, 2005.

Donald Ray Young, Visalia, CA, for Petitioner–Appellant.

Charles M. Bonneau, Jr., Esq., Law Offices of Charles M. Bonneau, Sacramento, CA, Kelly C. Fincher, Office of the California Attorney General, Fresno, CA, for Respondent–Appellee.

Before: FERNANDEZ, PAEZ, and RAWLINSON, Circuit Judges.

* This panel unanimously finds this case suit-     .  able for decision without oral argument.  See

MEMORANDUM **

Donald Young appeals the district court's denial of his habeas petition, filed pursuant to 28 U.S.C. § 2254. Young was convicted of corporal injury of a cohabitant and of endangering the health of a child, violations of California Penal Code section 273.5(a) and 273a(b). The trial court instructed the jury that if it found by a preponderance of the evidence that Young engaged in a domestic violence offense on occasions other than in the charged offense, it could infer that Young had a disposition to commit this type of offense. On direct appeal, Young challenged his conviction on the ground, among others, that the jury instructions regarding prior offenses violated his due process rights by impermissibly relieving the prosecution of its burden of proving guilt beyond a reasonable doubt. The California Court of Appeal, while noting that it was questionable whether Young had properly objected to the jury instructions, rejected Young's due process argument on the merits and affirmed his conviction.

Young filed the instant habeas petition alleging multiple grounds for relief, including the due process challenge to jury instructions regarding prior offenses. The district court, adopting the Findings and Recommendations of the Magistrate Judge without modification, denied the petition. Young timely appealed and the district court granted Young's request for a certificate of appealability.[1]

While this appeal was pending, another panel of this court addressed the identical issue raised by Young in *Gibson v. Ortiz*, 387 F.3d 812 (9th Cir.2004). On October 4, 2004, the court in *Gibson* held that the California jury instructions pertaining to evidence of other prior sexual offenses, which allowed the jury to infer the defendant's guilt from facts found by a preponderance of the evidence, were unconstitutional. *Id.* at 822. Because Young's due process argument appeared to be governed by *Gibson*, we ordered supplemental briefing. In its supplemental brief, the State concedes that *Gibson* is controlling and that Young is entitled to habeas relief. Accordingly, we reverse and remand to the district court to grant conditional habeas relief.

I.

Although in its supplemental brief the State concedes that Young's due process challenge is controlled by *Gibson*, in its opening brief the State argued that Young's challenge was procedurally barred. The district court held that the California Court of Appeal's rejection of Young's due process challenge was based upon the independent and adequate state ground of Young's violation of the California contemporaneous objection rule and that Young's challenge was procedurally barred. We disagree.

"In habeas, if the decision of the last state court to which the petitioner presented his federal claims fairly appeared to rest primarily on resolution of those claims ... and did not clearly and expressly rely on an independent and ade-

---

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. We have jurisdiction under 28 U.S.C. §§ 2253 and 1291. We review *de novo* the district court's judgment denying Young's pe-

tition. *See Leavitt v. Arave*, 383 F.3d 809, 815 (9th Cir.2004). Young's federal habeas petition, which was filed on June 5, 2001, is governed by the Anti–Terrorism and Effective Death Penalty Act of 1996. *See Lindh v. Murphy*, 521 U.S. 320, 327, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

quate state ground, a federal court may address the petition." *Coleman v. Thompson,* 501 U.S. 722, 735, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Here, the California Court of Appeal did not "clearly and expressly" rely on the contemporaneous objection rule when it rejected Young's due process claim. Rather, the court briefly referred to the contemporaneous objection rule, expressing its reluctance to find that Young waived his challenge to the jury instructions, and then proceeded to resolve the federal claims. Thus, there is no state procedural bar to Young's constitutional challenge.

## II.

As the State agrees, Young's due process challenge to the trial court's jury instructions is directly controlled by our holding in *Gibson.* In *Gibson,* we held that California Jury Instruction ("CALJIC") No. 2.50.01, which pertained to evidence of prior sexual offenses, given in tandem with CALJIC No. 2.50.1, which explained that the prosecution had the burden of proving the prior offenses by a preponderance of the evidence, allowed the jury to find Gibson guilty by relying on facts found only by a preponderance of the evidence. *Gibson,* 387 F.3d at 821–23. Therefore, we concluded that the instructions lessened the government's burden of proof and were unconstitutional. *Id.* at 822. Further, we concluded that because the instructions permitted the jury to find the defendant guilty by merely a preponderance of the evidence, giving the instructions constituted structural error. Thus, harmless error review was not warranted. *Id.* at 824–25.

■ Here, the prior offense instruction, which consisted of a modified CALJIC No.

2.50.02, was nearly identical to the instruction given in *Gibson* with only minor revisions to address domestic violence offenses rather than sexual offenses. Further, the trial court followed this instruction with CALJIC No. 2.50.1, the same instruction given in *Gibson.* Accordingly, in light of *Gibson,* Young has established that these jury instructions impermissibly lessened the burden of proof thereby violating his due process rights and warranting habeas relief under 28 U.S.C. § 2254. We therefore remand to the district court for the court to grant a conditional writ of habeas corpus instructing the State that it may either retry Young within sixty days or release him from custody.

REVERSED AND REMANDED.